J-S26027-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES MICHAEL SAYLOR | : | |
| | : | |
| Appellant | : | No. 1648 MDA 2024 |

Appeal from the PCRA Order Entered October 23, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005285-2018

BEFORE:  LAZARUS, P.J., OLSON, J., and BECK, J.

MEMORANDUM BY OLSON, J.:                    **FILED AUGUST 15, 2025**

Appellant, James Michael Saylor, appeals *pro se* from the order entered on October 23, 2024, which dismissed his second petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

We previously summarized the underlying facts of this case:

> Appellant spent the evening of July 20, 2018, drinking alcohol in his cousin's garage and at the Glad Crab Bar and Restaurant. Appellant then visited the Red Rose Bar and Lounge in the early morning hours of July 21, 2018, where he continued to drink. While at the Red Rose, Appellant instigated a verbal altercation with Jerrell Grandison-Douglas, during which Appellant repeatedly called Mr. Douglas a racial slur. As a result, Red Rose staff escorted Appellant out of the bar. Surveillance video from outside of the bar showed Appellant shooting his gun toward the bar as he walked away from the building. After talking to Mr. Douglas following his altercation with Appellant, Mr. Douglas' friend, Victim, also exited the bar. The surveillance footage showed Victim approaching Appellant's vehicle in the parking lot. Following a brief interaction at the driver-side window of the vehicle, Appellant shot and killed Victim. While

attempting to flee from the scene, Appellant struck an Uber driver's car.

***Commonwealth v. Saylor***, 252 A.3d 244 (Pa. Super. 2021) (non-precedential decision).

A jury convicted Appellant of first-degree murder, harassment, ethnic intimidation, recklessly endangering another person ("REAP"), and accidents involving damage to an attended vehicle or property.[1]  On October 30, 2019, the trial court sentenced Appellant to serve life in prison and, on March 2, 2021, this Court affirmed Appellant's judgment of sentence.  ***Commonwealth v. Saylor***, 252 A.3d 244 (Pa. Super. 2021) (non-precedential decision). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court.

On September 23, 2021, Appellant filed his first PCRA petition and the PCRA court later appointed counsel to represent Appellant during the proceedings.  ***See*** PCRA Court Order, 10/12/21, at 1-3.  The PCRA court denied Appellant's petition on January 3, 2023, we affirmed the PCRA court's order on January 18, 2024, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on June 25, 2024.  ***See Commonwealth v. Saylor***, 308 A.3d 869 (Pa. Super. 2024) (non-precedential decision), *appeal denied*, 321 A.3d 863 (Pa. 2024).

---

[1] 18 Pa.C.S.A. §§ 2502(a), 2709(a)(7), 2710(a), and 2705, and 75 Pa.C.S.A. § 3743(a), respectively.

- 2 -

Appellant filed the current PCRA petition on July 5, 2024. Second PCRA Petition, 7/5/24, at 1-8. This petition constitutes Appellant's second petition under the PCRA. The PCRA court appointed counsel to represent Appellant; nevertheless, Appellant's counsel filed a petition to withdraw and a no-merit brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court granted counsel leave to withdraw and, on October 23, 2024, the PCRA court dismissed Appellant's second PCRA petition as time-barred. **See** PCRA Court Order, 10/23/24, at 1-2.

Appellant filed a timely, *pro se* notice of appeal. We now affirm the dismissal of Appellant's untimely, serial PCRA petition.

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**, 947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we consider the underlying claims. **Commonwealth v. Yarris**, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. **See**, **e.g.**, **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); **Commonwealth v. Fahy**, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

**Commonwealth v. Whitney**, 817 A.2d 473, 475-476 (Pa. 2003).

We affirmed Appellant's judgment of sentence on March 2, 2021 and Appellant did not file a petition for allowance of appeal with our Supreme Court. Therefore, for purposes of the PCRA, Appellant's judgment of sentence became final at the end of the day on April 1, 2021. **See**, **e.g.**, Pa.R.A.P. 903(a). Since the PCRA requires that a petition be filed "within one year of the date the judgment becomes final," Appellant had until Monday, April 4, 2022 to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1); **see also** 1 Pa.C.S.A. § 1908 (computation of time). As Appellant did not file his current petition until July 5, 2024, the current petition is manifestly untimely and the burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the

- 4 -

PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

In this case, Appellant did not attempt to plead a valid statutory exception to the PCRA's one-year time-bar. Therefore, Appellant's petition is time-barred and our "courts are without jurisdiction to offer [Appellant] any form of relief." *Commonwealth v. Jackson*, 30 A.3d 516, 523 (Pa. Super. 2011). We thus affirm the PCRA court's order, which dismissed Appellant's second PCRA petition without a hearing.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/15/2025